IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A'KINBO J.S. HASHIM (formerly
known as John Tiggs, Jr.),

                       OPINION AND ORDER

        Petitioner,

                       19-cv-951-bbc

    v.

BRIAN FOSTER,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner A'Kinbo J.S. Hashim, appearing pro se, has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254.  He challenges an April 17, 2018 order entered

by the Circuit Court for Grant County, Wisconsin in case no. 2002-CF-162, clarifying a

one-year reconfinement sentence imposed in 2010, after the revocation of petitioner's

extended supervision.  The petition is before the court for preliminary review under Rule

4 of the Rules Governing Section 2254 Cases.  Under Rule 4, I must dismiss the petition

"if it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief."

        Petitioner raises two grounds for relief in his petition: (1) the circuit court's 2010

reconfinement order entitled him to the sentence credit set forth in his March 17, 2009

revocation order and warrant, making his reconfinement sentence one for time served;

and (2) the trial court placed him in double jeopardy by ordering in 2018 that he had not

yet served his one-year reconfinement sentence because that sentence had been imposed

consecutively to time that petitioner was serving in another case (Circuit Court for

1

Milwaukee County case no. 96CF674).  From the information contained in the petition, its attachments and Wisconsin's online court records, I conclude that the petition must be dismissed because petitioner is raising a state law claim for which federal habeas relief is not available.


BACKGROUND

In 2003, petitioner was sentenced in Circuit Court for Grant County case no. 2002-CF-162 to two years of confinement and three years of extended supervision, to be served consecutively to any other sentence.  Dkt. #1-6 at 2.  At that time, petitioner was also on probation in Circuit Court for Milwaukee County case no. 96CF674, in which his 15-year prison sentence had been stayed.  Id.

On March 17, 2009, the State of Wisconsin Division of Hearings and Appeals entered a revocation order and warrant related to petitioner's extended supervision and probation in both the Grant County and Milwaukee County cases.  Dkt. #1-2.  At a reconfinement hearing held on April 15, 2010 in case no. 02-CF-162, the Circuit Court for Grant County imposed 12 months of reconfinement to run consecutively to petitioner's 15-year prison sentence in the Milwaukee County case.  The next day, the circuit court issued a written order stating that the 12-month reconfinement sentence was to run consecutively to the sentence that petitioner was serving in Milwaukee County and that petitioner was entitled to 140 days of sentence credit.  On September 13, 2010, the circuit court entered an amended order, reconfining petitioner for 12 months and

noting that he was entitled "to credit for all time spent in custody" as set forth in the March 2009 revocation order and warrant. Dkt. #1-3. The amended order did not say anything about the consecutive nature of the sentence. Petitioner appealed and the Wisconsin court of appeals affirmed the reconfinement sentence on July 29, 2011, specifically acknowledging the consecutive nature of the reconfinement sentence. Dkt. #1-6 at 2.

On March 26, 2018, the Department of Corrections notified petitioner that it had computed his sentence erroneously and that his prison release date would be July 2, 2019 and not July 2, 2018. On April 13, 2018, petitioner filed a motion requesting clarification of his reconfinement sentence in Grant County case no. 2002-CF-162, arguing that the court had intended to grant him credit for time served, which accounted for the entire length of his reconfinement sentence. Dkt. #1-4. The circuit court denied petitioner's motion on April 17, finding that petitioner had received his sentence credit at the time of revocation and that the credit had been applied first to his Milwaukee case, leaving no credit for the Grant County case. Id. The court explained that the amended reconfinement order it entered on September 13, 2010 carried the same consecutive feature as petitioner's original sentence and that there was no intent on the court's part to order a time-served sentence for petitioner's reincarceration. Id.

Petitioner moved for reconsideration, pointing out that the September 2010 order did not make any reference to the concurrent or consecutive nature of his sentences. On May 16, 2018, the Circuit Court for Grant County denied petitioner's motion for

reconsideration, noting that nothing in the record of the reincarceration proceedings suggested that petitioner's reincarceration sentence was for time-served. Dkt. #1-5 at 2-3 (citing State v. Boettcher, 144 Wis. 2d 86, 423 N.W.2d 533 (1988)) (defendant who is sentenced to consecutive sentences is not entitled to duplicate credit).

In his motion for reconsideration, petitioner also argued that the prohibition against double jeopardy prevents a court from modifying a sentence to a defendant's detriment, even to correct plain error, once the defendant has a legitimate expectation of finality in the sentence. United States v. DiFrancesco, 449 U.S. 117, 138-39 (1980); United States v. Jones, 722 F.2d 632, 634-35 (11th Cir.1983) (district court relied on erroneous information in sentencing defendant, who had expectation of finality once he started serving sentence). However, the circuit court rejected that argument because the change in petitioner's expected release date arose from a Department of Corrections calculation error and not from any sentencing order or error by the court. Id. at 3.

Petitioner appealed, and the Wisconsin Court of Appeals affirmed the circuit court's holding on May 21, 2019. Dkt. #1-6. The court of appeals found that the transcript of the reconfinement hearing showed clearly and unambiguously that petitioner's reconfinement sentence was consecutive. Id. at 4 (citing State v. Prihoda, 2000 WI 123, ¶15, 239 Wis. 2d 244, 252-53, 618 N.W.2d 857 ("A difference between the sentence portion of the written judgment of conviction and the circuit court's unambiguous oral pronouncement of the sentence is a clerical error. Furthermore, the law is clear in Wisconsin that the record of the circuit court's unambiguous oral

pronouncement of sentence trumps the written judgment of conviction.")).   The

Wisconsin Supreme Court denied petitioner's petition for review on November 13, 2019.

Dkt. #1-7.


OPINION

Petitioner raises two grounds for relief in his petition: (1) the circuit court's 2010

reconfinement order entitled him to a 140-day sentence credit as set forth in the March

2009 revocation order and warrant, making his reconfinement sentence one for time

served; and (2) the trial court placed him in double jeopardy by ordering in 2018 that he

had not yet served his one-year reconfinement sentence because that sentence had been

imposed consecutively to time that petitioner was serving in another case.

Petitioner cannot challenge the decisions of the Circuit Court for Grant County

and the Wisconsin Court of Appeals in a federal habeas petition because those decisions

were based on the courts' interpretation of a state court ruling and state sentencing laws.

A federal habeas court cannot correct errors of state law.  Estelle v. McGuire, 502 U.S.

62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine

state-court determinations on state-law questions.  In conducting habeas review, a federal

court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States."); Arnold v. Dittmann, 901 F.3d 830, 835 (7th Cir. 2018)

("[E]rrors of state law are not cognizable on habeas review.").  State courts are entitled to

interpret the laws of their own state, and their interpretations are binding on federal

courts.  <u>Wainwright v. Goode</u>, 464 U.S. 78, 84 (1983).  Although petitioner says that the state court decisions subjected him to double jeopardy in violation of the Fifth Amendment, he has identified no basis for relief besides his claim that he had to serve a longer sentence than he expected.  Although sentencing errors committed by a state court can violate a defendant's rights under certain circumstances, no such errors occurred in this case.  The state courts clearly and consistently held that petitioner's reconfinement sentence was consecutive and was not time-served.  Any error in calculating petitioner's release date was a clerical or administrative error on the part of the Department of Corrections.  Therefore, his petition must be dismissed.

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.  A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

This petition should not proceed further.  No reasonable jurist would disagree that petitioner has identified only a state law error for which he cannot obtain habeas relief from the federal court.  Therefore, petitioner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by A'Kinbo J.S. Hashim is DENIED and this case is DISMISSED with prejudice. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 10th day of March, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge