United States District Court
Western District of Wisconsin

A'Kinbo J.S. Hashim
(F/K/A: John D. Tiggs, Jr.),

    Petitioner,

v.                      Habeas Corpus Case No.: 19CV951-bbc

Brian Foster, Warden
Waupun Correctional Institution,

    Respondent.

## Notice of Appeal from the Opinion and Order Denying Federal Habeas Corpus Petition and Certificate of Appealability

Now Come, Petitioner A'Kinbo J.S. Hashim, a state prisoner, and as and for a Notice of Appeal pursuant to Fed. R. App. P. Rules 3 and 4 from the Opinion and Order denying petition for writ of habeas corpus and certificate of appealability entered on the 10th day of March, 2020. Honorable Barbara B. Crabb, district judge presiding.

1). Petitioner A'Kinbo J.S. Hashim ("Hashim") is a state prisoner who is currently incarcerated at Waupun Correctional Institution ("WCI") as a result of the revocation in Grant County Case No.: 2002CF162 and Milwaukee County Case No.: 1996CF674, on February 17, 2009.

2). In the case from Milwaukee County, there was a term of probation with a 15-year term of imprisonment imposed and stayed on April 9, 1996, and on February 17, 2009, Hashim was remand to prison for 15 years with sentence credit from his date of arrest on June 25, 2008.

1.

3). In the case from Grant County, the Administrative Law Judge remanded Hashim to the Grant County Circuit Court for a reconfinement hearing where there was an available 2 years, 11 months and 13 days of incarceration time available for re-confinement.

4). On April 15, 2010, the Grant County Circuit Court issued an order for re-confinement after revocation of extended supervision for 1-year incarceration less 148 days sentence credit consecutive to any other sentence; however, on September 13, 2010, some five months later, the same court entered an amended order for re-confinement after revocation of extended supervision for 1-year incarceration and awarded Hashim sentence "credit for all time spent in custody" as set forth in the March 17, 2009, revocation order and warrant. In the amended re-confinement order, the circuit court did not mention whether the sentence was concurrent or consecutive.

5). On May 17, 2018, over nine (9) years later, in an order denying Hashim motion for reconsideration [for clarification of the sentence posture], the Grant County Circuit Court, in part, wrote:

> "For reasons that are unclear in the record, the court five months later amended the order to use the preprinted order adopting credit as set forth in the revocation order and warrant dated March 17, 2009 and to omit any reference to the consecutive or concurrent nature of the sentences."

Id. (emphasis added).

6). As a result of this judicial misstep, the Department alleges that it erred - eight years earlier - by purportedly running both Hashim's sentences concurrently and it wasn't until March 26, 2018, that this alleged error was discovered and corrected; however, this was 90 days prior to Hashim's

2.

release date from prison.

7). In response to this, Grant County Circuit Court answered:

> Mr. [Hashim] cites to no authority for the proposition that a Department of Corrections calculation error gives rise to a legitimate expectation of finality sufficient to invoke the Double Jeopardy clause. The Court's research reveals no authority for Double Jeopardy protection applying to administrative error in calculation of a sentence or otherwise enforcing the sentence. The answer is likely different if Mr. [Hashim] were released, the error discovered, and an effort made to reincarcerate Mr. [Hashim] upon discovery of the error. That is not the case here. The Court therefore concludes that the double jeopardy clause is not implicated by the Department of Corrections' calculation error correction.

(Grant County Order at pp. 3-4 (05/17/2018); Pet.'s App. at 107-108).

8). Contrary to the position taken by the district court, this is not a state-law issue repudiated federal habeas corpus review as articulated by <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Arnold v. Dittmann</u>, 901 F. 3d 830, 835 (7th Cir. 2018). Rather, a "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner (i.e., that this is not a mere calculation error by the Department; but rather, an issue where, in 2018, the state court did not amend its September 13, 2010, amended order for reconfinement after revocation for extended supervision and specifically order Hashim's sentences cons-

3.

ecutive) or that the issues presented were adequate to deserve encouragement to proceed further." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

9). It appears that the state court's 2018 decision, in effect, amends, changes, and modifies the 2010 current and effective judgment of conviction, the only lawful order and one that provides for sentence credit from the March 17, 2009, order from revocation and ostensibly wrongfully applies or is contrary to United States v. DiFrancesco, 449 U.S. 117, 138-39 (1980).

Therefore, pursuant to Fed. R. App. P. Rule 22; 28 U.S.C. § 2253(c)(2), a certificate of appealability should be issued by the United States Court of Appeals for the Seventh Circuit.

Executed on this 25th day of March, 2020, in Waupun, Wisconsin.

Submitted by the Petitioner:

_____
Petitioner, Pro Se

Waupun Correctional Institution
Post Office Box 351
Waupun, Wisconsin 53963-0351

4.